FILED

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

98 JAN 30 AM 9: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **J. MICHAEL COMER,** | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV 97-N-2993-W |
| | ] | |
| **QAI, INC., et al.,** | ] | |
| | ] | |
| Defendant(s). | ] | |

ENTERED
JAN 30 1998

**Memorandum of Opinion**

This is a tort action pursuant to the laws of the State of Alabama, originally filed in the Circuit Court of Tuscaloosa County, Alabama, on October 15, 1997. *Notice of Removal* at ¶ 1. Plaintiff J. Michael Comer ("Comer") named as defendants: (1) QAI, Inc. ("QAI"); (2) Long Distance Billing Company; (3) U.S. Billing; (4) Allnet Communications Services, Inc.; and (5) fictitious defendants "A through L." *Complaint* at ¶ 2. Comer alleged that defendants "slammed" him by switching his long distance telephone service provider from AT&T to "one or more of their companies" without his consent. *Id.* at ¶ 4. On November 5, 1997, Comer filed a second amended complaint in Tuscaloosa County, purporting to represent a class of individuals who were "slammed" by defendants. *Notice of Removal* at ¶ 1; *Second Amended Complaint* at ¶ 2.

On November 10, 1997, defendants timely removed this action to this court alleging subject matter jurisdiction in this court pursuant to 28 U.S.C. § 1332 ("§ 1332"). *Notice of Removal* at 1. Two days later, QAI moved this court to dismiss this action. Then, on December 8, 1998, Comer moved the court for leave to amend his complaint, seeking to

33

voluntarily dismiss the claims of unnamed class members and to specify an amount in controversy of $74,000.000. *Motion for Leave to Amend and Motion to Voluntarily Dismiss without Prejudice Claims of Unnamed Class Members* ("*Motion to Amend and Dismiss*") at ¶¶ 6, 9. Simultaneously, Comer moved the court to remand to the state court for lack of subject matter jurisdiction. QAI's motion to dismiss, Comer's *Motion to Amend and Dismiss*, and Comer's motion to remand are fully briefed, and they are ripe for decision.[1]

On a motion to remand, the analysis begins with the question of whether defendants properly removed the original complaint. In this case, the parties do not dispute that complete diversity of citizenship exists between them; the only issue is whether the amount in controversy is sufficient under § 1332.[2] The amount in controversy is determined on the basis of the record at the time defendant files the petition for removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *Perimeter Lighting, Inc. v. Karlton*, 456 F. Supp. 355, 359 (N.D. Ga. 1978). When, as in this case, plaintiff fails to specify damages, the removing defendant bears the burden of establishing the jurisdictional amount, and the standard of proof is "by a preponderance of

---

[1] The only defendants remaining in this lawsuit are QAI and U.S. Billing. The court dismissed all claims against fictitious defendants by order, entered December 12, 1997. On December 19, 1997, the court dismissed defendant Long Distance Billing Company on Comer's motion to voluntarily dismiss. On January 23, 1998, the court dismissed defendant Frontier Communications Services, Inc. f/k/a Allnet Communications Services, Inc. on Comer's motion to voluntarily dismiss. *See Amended consent to Removal of Civil Action*, filed November 21, 1997 ("the true and correct corporate name of Defendant Allnet is Frontier Communications Services, Inc. f/k/a Allnet Communications Services, Inc.). Therefore, motions previously filed by these defendants are moot.

As to U.S. Billing, its only appearance in this lawsuit was to consent to removal, filed November 12, 1997. In his *Motion to Amend and Dismiss*, Comer states that he "has been unable to effect service of process despite two previous attempts . . . to do so, on Defendant U.S. Billing . . . ." *Motion to Amend and Dismiss* at ¶ 10.

[2] The diversity jurisdiction statute provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(3).

2

the evidence." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996); *but see Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) (where plaintiff specified the amount in controversy, defendant must prove that the amount in controversy meets the jurisdictional minimum "to a legal certainty").

Defendants in this case met this burden because the amount in controversy on the face of the complaint, considering the prayer for compensatory and punitive damages, *more likely than not* exceeded $75,000. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993); *Winters Gov't Sec. Corp. v. NAFI Employees Credit Union*, 449 F. Supp. 239, 241 (S.D. Fla. 1978). Comer sought compensatory and punitive damages on behalf of himself and a purported class for alleged intentional misrepresentations "made willfully to deceive." *Second Amended Complaint* at ¶ 13. Comer alleged that he and the purported class members "suffered severe mental anguish and/or emotional distress . . . and invasion of privacy" as a result of defendants' alleged intentional misrepresentations. *Id.* at ¶ 14. Comer also sought compensatory and punitive damages on behalf of himself and the purported class for the following: (1) alleged negligent and/or wanton supervision by defendants; *Id.* at ¶¶ 9-11; (2) alleged fraudulent suppression; *Id.* at ¶¶ 15-17; (3) alleged intentional interference with business relations and/or contractual relations; *Id.* at ¶¶ 18-21; and (4) alleged conspiracy among the defendants; *Id.* at ¶¶ 23-25.[3] Therefore, removal to this court was proper, and this court has jurisdiction over this action based upon § 1332.

---

[3] In their notice of removal, defendants bolstered their position by citing cases from Alabama courts where the damages award far exceeded the amount in controversy requirement for federal diversity jurisdiction. *See Notice of Removal* at ¶ 5.

3

In fact, Comer, in his motion to remand, does not contest that this case was properly removed. *Motion to Remand* at 3. Rather, Comer seeks to destroy this court's subject matter jurisdiction by subsequent amendment of his complaint. *Id.* In his *Motion to Amend and Dismiss*, Comer states, "If Plaintiff's Motion for Leave to Amend is granted under the liberal standard of Fed. R. Civ. P. 15, the subject matter of this Honorable Court will be destroyed." *Id.* Rule 15 does provide for amendment of Comer's Second Amended Complaint, but only by leave of the court "when justice so requires." Fed. R. Civ. P. 15(a). Accordingly, the court has discretion to allow or refuse to allow Comer to amend his complaint, and the court may decide QAI's motion to dismiss and Comer's *Motion to Amend and Dismiss* in the order it deems most appropriate. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 155 (2nd Cir. 1996) (district court properly exercised its discretion in deciding motion to dismiss before considering plaintiff's motion to remand); *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1494 (5th Cir. 1993), *cert. denied*, 510 U.S. 1044 (1994) (district court did not er in deciding motion to dismiss for lack of personal jurisdiction before considering motion to remand); *Bryant v. Auto Club ins. Ass'n*, 704 F. Supp. 1060, 1061 (N.D. Ga. 1989) (considering motion to dismiss for lack of personal jurisdiction, motion to dismiss on grounds of forum non conveniens and motion to remand, the court may resolve multiple dispositve motions on the grounds it deems most convenient); *see also Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 102 (5th Cir.), *cert. denied*, 498 U.S. 817 (1990) (recognizing, when considering motion to remand and motion for summary judgment, the court has discretion to rule on pending motions in any order); *Wind v. Eli Lilly & Co.*, 814 F. Supp. 305, 308-09 (E.D.N.Y. 1993) ("When presented with both

a motion to remand and another motion, the district court has discretion to decide which motion to rule upon first.").

In the interest of justice, the court will consider QAI's motion to dismiss before it considers Comer's *Motion to Amend and Dismiss* for several reasons. First, QAI filed its motion to dismiss before Comer filed his *Motion to Amend and Dismiss*. Second, Comer has amended his complaint twice already, and he has dismissed two defendants as improperly joined; justice does not require that he be allowed to restructure his lawsuit again. Next, Comer's stated motive for his amendment is to destroy this court's jurisdiction, hardly required by justice. And finally, if this court does not resolve QAI's motion to dismiss and this action is due to be remanded, then the state court must still address the issue in QAI's motion to dismiss, whereas QAI's motion to dismiss is potentially dispositive of all other issues in this lawsuit. Therefore, in the interest of judicial economy and "as justice requires," the court will consider QAI's motion to dismiss before Comer's *Motion to Amend and Dismiss*.

In its motion to dismiss, QAI states that the Alabama Public Service Commission ("APSC") has exclusive jurisdiction over the matters of which Comer complains and that Comer has failed to exhaust his administrative remedies with the APSC. *QAI's Motion to Dismiss* at ¶¶ 1-2. In support of its motion, QAI submitted the sworn statement of John A. Garner ("Judge Garner"), an Administrative Law Judge with the APSC. *Affidavit of Garner* at ¶¶ 1-2. Judge Garner testifies that QAI is a "public utility" subject to the regulation of the APSC pursuant to Ala. Code. § 37-1-1, *et seq.* (1975). *Id.* at ¶¶ 3-4. He further testifies that QAI is required to file and has filed with the APSC a tariff, which is approved and

5

administered by the APSC. *Id.* at ¶ 5. As such, according to Judge Garner's testimony, the subject matter of this lawsuit is subject to the complaint procedures of the APSC. *Id.* at ¶ 6. Attached to Judge Garner's affidavit is a copy of a letter, dated November 4, 1997, from the APSC to Comer, suggesting that he file a formal complaint with the APSC. *Id.* at Exhibit A.

In response to QAI's motion to dismiss, Comer offers no evidence to dispute the testimony of Judge Garner. Rather, Comer states that he "will and certainly has deferred to the expertise of Judge Garner in this matter . . . ." *Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss* at 13 & Exhibit F. Continuing, Comer states that he "was not attempting to mislead this Court but was simply under the impression that a satisfactory conclusion of an informal complaint procedure conclusively exhausted any remedies that he had." *Id.* at 13. Notwithstanding Comer's "impression" in this regard, Comer submitted to the court a copy of a letter, dated December 15, 1997, in which he requests a formal hearing before the APSC regarding the same allegations that form the subject matter of this lawsuit.[4] *Id.* at Exhibit F. In his letter, Comer names both remaining defendants in this lawsuit as "companies involved" in the complained of conduct. *Id.*

Whereas Comer has failed to dispute any material fact before the court on QAI's motion to dismiss, considering all the evidence in a light most favorable to Comer, the court finds that Comer has failed to exhaust his administrative remedies before the APSC. Furthermore, the evidence indicates that, despite his activity in this court, Comer has, in

---

[4] Although this letter is addressed to "J. Michael Comer" and is signed by "Mike Comer," Comer represents to the court that this letter is "Plaintiff's Formal Complaint to APSC." *Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss* at 1 & Exhibit F.

6

fact, continued to pursue an administrative remedy before the APSC for the same allegations that form the subject matter of this lawsuit.[5] Therefore, as a matter of law, Comer can not maintain this tort action pursuant to the laws of the State of Alabama.

Accordingly, this lawsuit is due to be **DISMISSED** without prejudice.

Done, this 27th of January, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

---

[5] Comer is reminded that, even if he is not satisfied with disposition of his complaint with the APSC, jurisdiction over an appeal of any final order of the APSC rest exclusively in the Circuit Court of Montgomery County, Alabama. Ala. Code § 37-1-120 (1975).